MARÍA COLL, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. FEDERICO TILÉN, Judge, Respondent; PETRA VIERA SOSA, Intervener.

No. 1722. Argued December 3, 1947.—Decided January 30, 1948.

*Francisco Acevedo* for the petitioner. *Pablo Juan y Toro* for inter-- vener, plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

We issued the writ in this case to review the decision ren-- dered by the District Court of San Juan refusing to set aside the judgment entered in *Petra Viera Sosa* v. *María Coll,* an unlawful detainer proceeding, wherein the complaint was granted. The facts are as follows:

This case was commenced in the Municipal Court of Río Piedras which dismissed the complaint. Plaintiff appealed to the District Court of San Juan and after leave was granted to file an amended complaint, the court set June 23, 1947 for the first hearing required by law. On June 19 Attorney Francisco Vizcarrondo Morell, representing Attorney Fran- cisco Acevedo, defendant's counsel, filed a motion seeking the continuance of the hearing for June 30 on the ground that Attorney Acevedo was in the United States and would not return until June 25, and that Attorney Vizcarrondo could not represent the defendant because he was recovering from an operation. The court postponed the hearing for the date sought. On June 25 Attorney Vizcarrondo, in behalf of At-

torney Francisco Acevedo, again requested the continuance of the first hearing until July 7, alleging that the S.S. Borinquen on which Attorney Acevedo was returning to Puerto Rico had postponed its departure from New York to June 26 and, therefore, he could not appear in court on June 30.

Although the lower court did not decide the second motion for a continuance, on June 30, 1947 it tried the case and rendered judgment granting the complaint of unlawful detainer and stated that since June 30 was the day set for the first and second appearances in court and the defendant had failed to appear, it would enter judgment as requested by plaintiff.

On July 3, 1947, after his return, Attorney Acevedo filed a motion to set aside the judgment entered in view of the aforesaid facts. After a hearing this motion was denied.

■ Petitioner maintains that the court *a quo* erred in refusing to set aside the judgment first, because it is not true that June 30 was the day set for the first and second appearances, as stated by the court, and second, because it tried the case without having decided the motion for continuance filed on June 25.

As to the first assignment, although it is true that it was stated in the judgment that June 30 was the day set for the first and second hearings, when it had been set for the first one only, as a matter of fact and law, the complaint was granted and eviction was decreed because the defendant had failed to appear personally or through counsel pursuant to the provisions of subdivision 2 of § 624 of the Code of Civil Procedure (§ 5 of the Unlawful Detainer Act).

■ Now, as to the fact that the court did not decide the second motion for continuance filed by Attorney Vizcarrondo, in behalf of Attorney Acevedo, defendant's attorney, we believe that although the fact of having held the hearing implies, as contended by the intervener, that said motion was dismissed, especially since it is stated in the judgment that the defendant failed to appear personally or by counsel, the de-

termination of whether the refusal to postpone the hearing is justified, was submitted to the lower court by the motion to set aside the judgment rendered.

 We have decided that although the granting of a continuance is a matter which rests mainly in the sound discretion of the trial court, in cases where such discretion has been abused or exceeded a review may be ordered, by certiorari, of the decision granting or refusing said continuance. *Amy* v. *District Court,* 59 P.R.R. 658; *Aboy* v. *District Court,* 62 P.R.R. 859. We have also held, precisely in connection with a case of unlawful detainer, that a court abuses its discretion in refusing to postpone the first hearing when it is clear that an unjustice has been committed. *Más et al.* v. *Borinquen Sugar Co.,* 18 P.R.R. 299. Here we said on page 303:

"Now, while the statute orders the fixing of the appearance for the first hearing within 10 days, yet the court is not deprived of its discretion to postpone the hearing. The power to postpone resides inherently in courts and the judicial power has been invested in the courts of Porto Rico by section 33 of the Organic Act. Sickness, death, *absence,* disqualification, and many other things, may arise which may make it indispensable or just that a hearing should be postponed. *People* v. *Logan,* 4 Cal., 188. The provisions of section 4 are not mandatory to the extent of preventing an exercise of the sound discretion of the court." (Italics ours.) See also *García* v. *Brignoni, et al.,* 22 P.R.R. 331.

The reason alleged by the defendant in her motion of June 25 to seek the continuance of the first appearance was the same that she had already set forth in her motion of June 19 and which the lower court considered sufficient for granting it, to wit, the absence of her attorney, Mr. Acevedo, and the illness of the substitute counsel Attorney Vizcarrondo. The second postponement was sought for seven days subsequent to the date set, that is, from June 30 to July 7. Indeed, we do not see how plaintiff's rights could have been prejudiced

118

by the granting of said postponement. On the contrary, the defendant who had already obtained a judgment in her favor in the Municipal Court was deprived of counsel at the hearing held on June 30 and as a consequence judgment was entered against her.

In *Amy* v. *District Court, supra,* we said that "The modern tendency of courts is to determine cases on their merits, granting to each litigant an opportunity to fully submit his contention . . . ." And in *Hernández* v. *F. Carrera & Bro. et al.,* 22 P.R.R. 502, ratifying our ruling in *Rubio et al.* v. *Mayagüez Auto Garage, Inc.,* 20 P.R.R. 229, that "It is better practice to allow the parties to defend and decide the issues after a hearing than to sustain judgments rendered by default when it is shown that negligence in complying with the law of procedure was excusable and not due to a desire to obstruct or delay the litigation."

We are of the opinion that in furtherance of justice the decision rendered by the lower court on July 21, 1947 should be annulled and consequently the judgment of June 30, 1947 entered in civil case No. 5054, *Petra Viera Sosa* v. *María Coll,* an unlawful detainer proceeding, should be set aside, and the case remanded to said court for further proceedings and it is so ordered.